**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4507**

———————

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　v.

MICHAEL MOORE, a/k/a Bobby Smith,

　　　　　　Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00078-RJC-DSC-1)

———————

Submitted:  July 20, 2023　　　　　　　　　　　　　　Decided:  July 24, 2023

———————

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Moore, a citizen of Liberia, appeals the 120-month sentence imposed after a jury found him guilty of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of making a false statement to a United States agency, in violation of 18 U.S.C. § 1001. Evidence at trial established that Moore and his coconspirators perpetrated a fraudulent scheme through Facebook and other social media platforms during which the coconspirators convinced at least 30 victims—most of whom were over 60 years old—they were in a romantic relationship with one of the coconspirators, which allowed the coconspirators to purloin more than $1.5 million from the victims. Through counsel, Moore asserts that the court erroneously (1) enhanced his offense level under U.S. Sentencing Guidelines Manual (USSG) § 2B1.1(b)(10)(B) (2021); and (2) imposed an upward departure sentence without notice in violation of Fed. R. Crim. P. 32(h).

"On a challenge to a district court's application of the [Sentencing] Guidelines, we review questions of law de novo and findings of fact for clear error." *United States v. Barringer*, 25 F.4th 239, 254 (4th Cir. 2022) (internal quotation marks and alteration omitted). Under USSG § 2B1.1(b)(10)(B), a district court may enhance a defendant's offense level two levels if the court finds that "a substantial part of a fraudulent scheme was committed from outside the United States." We have reviewed the record evidence and find that "the district court's account of the evidence is at least plausible in light of the record viewed in its entirety" and, thus, we will not disturb the court's application of the enhancement. *United States v. Thorson*, 633 F.3d 312, 320 (4th Cir. 2011) (internal quotation marks and brackets omitted).

2

Turning to the second issue, under Rule 32(h), before a district "court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." This rule applies only to a departure from the Guidelines range, as opposed to a variant sentence. *See* Fed. R. Crim. P. 32(h) ("The notice must specify any ground on which the court is contemplating a *departure*." (emphasis added)); *see also Irizarry v. United States*, 553 U.S. 708, 714 (2008) (explaining that Rule 32(h) "does not apply to 18 U.S.C. § 3553 variances by its terms").

Because Moore did not raise the issue in the district court, we review for plain error. Fed. R. Crim. P. 52(b); *Henderson v. United States*, 568 U.S. 266, 272 (2013). Moore thus bears the burden of showing "that, but for the error claimed, the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (internal quotation marks and brackets omitted).

Although the district court here once indicated during sentencing that Moore's conduct justified a departure, the court made clear on multiple occasions that it was imposing an upward variant sentence, in part because of the egregious nature of Moore's offense conduct and the impact it had on so many victims. Indeed, in its Statement of Reasons for the criminal judgment, the court checked multiple boxes justifying its imposition of the variant sentence. We therefore discern no error by the district court. *Cf. United States v. Spencer*, 848 F.3d 324, 327-28 (4th Cir. 2017) (finding error—although not plain error—where court "repeatedly stated that it would 'upwardly depart'").

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*